# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN LAMAR COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-05-216-HE |
| ) | |
| MIKE MULLIN,[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the petition be dismissed on filing.

Petitioner is challenging his conviction for shooting with intent to kill after former conviction of two or more felonies, for which he was sentenced to three hundred and ninety-nine years imprisonment. Case No. CF-2002-56, District Court of Pottawatomie County. On March 26, 2004, the Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal in Case No. F-2002-1348. Petition, p 2. Petitioner filed an application for post-conviction relief in the District Court of Pottawatomie County, which was denied on December 1, 2004. Petition, p. 2-3. Petitioner did not appeal the denial

[1]Petitioner listed the Respondent as "Warden Mullens," but the undersigned takes judicial notice that Mike Mullin is the warden at the Oklahoma State Penitentiary where Petitioner is incarcerated.

of post-conviction relief to the  Oklahoma Court of Criminal Appeals, asserting that it would "serve[ ] no purpose to appeal to a court that has never granted relief to a pro se appellant, and worry over time constraints of this appeal."   Petition, p. 3.

Petitioner raises four grounds for relief.  In Ground One, he claims that both trial and appellate counsel were ineffective.  Petition, p. 4. In Ground Two, Petitioner claims that his due process rights were violated because the trial court permitted the introduction of a suggestive pre-trial identification and because the trial court permitted an eyewitness to change his testimony. Petition, p. 6.  In Ground Three, Petitioner claims that prosecutorial misconduct violated his due process rights.  Petition, p. 7.  Finally, as his fourth ground for relief, Petitioner claims that cumulative error by the trial judge, the prosecution, and defense counsel deprived him of a fair trial.  Petition, p. 8(A).

28 U.S.C. § 2254(b)(1) requires that generally a state prisoner must exhaust his state court remedies before bringing a habeas petition in federal court.  In this Circuit, a petitioner may satisfy the requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress.  Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (internal citations omitted).  See also 28 U.S.C. § 2254(c)  ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").  Furthermore, it is clear that the Petitioner bears the burden of showing that his state court

remedies have been exhausted.  <u>Hernandez v. Starbuck</u>, 69 F.3d 1089, 1092 (10th Cir. 1995).

The undersigned finds that it is proper to raise the issue of exhaustion <u>sua</u> <u>sponte</u>. <u>Odum v. Boone</u>, 62 F.3d 327, 333 n. 2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion <u>sua</u> <u>sponte</u>.); <u>Darks v. Ward</u>, No. 96-6086, 1997 WL 346044 *1 (10th Cir. June 24, 1997) (upholding <u>sua</u> <u>sponte</u> dismissal because the Oklahoma Court of Criminal Appeals had not yet decided the appeal at the time the habeas petition was filed).[2]

Based on the review of the petition, the undersigned finds that Petitioner has not fully exhausted his state court remedies.  Petitioner affirmatively states in response to questions asked on the form petition that he did not raise his first claim, ineffective assistance of trial and appellate counsel before the Oklahoma Court of Criminal Appeals on either direct appeal or by appealing the denial of his application for post-conviction relief.  <u>See</u> Petition, pp 3, 4-5, 8.  Petitioner's remaining claims were apparently raised on direct appeal, and thus are exhausted.

Because the instant petition presents both exhausted and unexhausted claims, it is a "mixed petition," and therefore must be dismissed.  <u>Pliler v. Ford</u>, _ U.S. _, 124 S.Ct. 2441, 2445 (2004) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982)).  As the Supreme Court noted in <u>Pliler</u>, the rule requiring dismissal of mixed petitions can sometimes operate to cause a timeliness problem for a petitioner:

---

[2]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

the combined effect of <u>Rose</u> and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims--including those already exhausted--because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

<u>Pliler</u>, 124 S.Ct. at 2445. In this case, Petitioner asserts that he did not appeal to the Oklahoma Court of Criminal Appeals out of concern for the timeliness of any habeas petition he might want to file and because the Oklahoma Court of Criminal Appeals never grants relief to pro se parties. Petitioner's subjective belief that the Oklahoma Court of Criminal Appeals does not grant relief to pro se parties does not leave him without an avenue for redress. Furthermore, any perceived timeliness problem does not change the rule that a habeas petition must contain only exhausted claims. Accordingly, when a mixed petition has been presented to the court, the petition must be dismissed, "which, as a practical matter, means that the prisoner must follow one of the two paths outlined in <u>Rose</u> if he wants to proceed with his federal habeas petition." <u>Pliler</u>, 124 S.Ct. at 2447; <u>Rose</u>, 455 U.S. at 510 ("district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"); <u>see also</u> <u>Moore v. Schoeman</u>, 288 F.3d 1231, 1235 (10th Cir. 2002) ("a district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.").

Accordingly, the undersigned recommends that the habeas petition be dismissed without prejudice to refiling after Petitioner exhausts his state court remedies, unless

4

within twenty (20) days of any order adopting this Report and Recommendation, Petitioner amends his petition to present only the exhausted claims. In deciding which option to pursue, Petitioner should give careful consideration to the one year statute of limitations period. 28 U.S.C. § 2244(d).

**RECOMMENDATION**

For the reasons discussed above, it is recommended that the petition for writ of habeas corpus be dismissed upon filing due to Petitioner's failure to exhaust his state court remedies, unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner files an amended petition presenting only his exhausted claims. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 5, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is directed to transmit a copy of the petition and the Report and Recommendation to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@ oag. state.ok.us.

ENTERED this 15th day of March, 2005.


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE