**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ADRIAN LAMAR COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO.  CIV-05-0216-HE |
| | ) | |
| MIKE MULLIN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Adrian Lamar Cooper, a state prisoner appearing pro se, instituted this action under 28 U.S.C. § 2254 seeking habeas relief.  Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo, who has issued his Report and Recommendation.  An objection has been filed by the petitioner.

The petitioner was convicted by a jury of shooting Marlon Boyland with intent to kill after former conviction of two or more felonies.  After his conviction was affirmed on appeal, the petitioner unsuccessfully sought post-conviction relief from the state district court.

In his habeas petition the petitioner asserts four grounds for relief.  He claims his conviction was not supported by sufficient evidence (Ground One), that his due process rights were violated because the trial court allowed a suggestive pretrial identification to be introduced and permitted an eyewitness to change his testimony (Ground Two), that his due process rights also were violated by prosecutorial misconduct (Ground Three), and that cumulative error deprived him of a fair trial (Ground Four).

The magistrate judge found that without the victim's identification of the petitioner as the perpetrator the evidence would not have been sufficient to sustain the conviction, but rejected the petitioner's attack on Mr. Boyland's pretrial identification of him as the shooter.[1] The Oklahoma Court of Criminal Appeals' decision that the photographic array was not unduly suggestive, Magistrate Judge Argo concluded, was not contrary to or an unreasonable application of clearly established federal law.[2]   Consequently, he determined that the admission of the pretrial identification did not violate the petitioner's due process rights.

The finding that the photographic identification was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," Report and Recommendation, p. 9, negated any possible due process violation with respect to the petitioner's conviction being based on Mr. Boyland's in-court identification that followed the pretrial identification.  That evidence was, the magistrate judge determined, sufficient to sustain the petitioner's conviction, which the petitioner challenges only on the basis that he was not the perpetrator of the crime.

With respect to the petitioner's claims that he was not the person in the photograph Mr. Boyland identified as the shooter and that Mr. Boyland's testimony was inconsistent, the magistrate judge recommended that the court exercise its discretion and consider these

---

[1]*The petitioner claimed the impermissible pretrial identification tainted the victim's subsequent in-court identification of him as the shooter.*

[2]*Considering the five factors enumerated by the Supreme Court in Neil v. Biggers, 409 U.S. 188, 199-200 (1972), the magistrate judge determined that, even if he assumed the photo array was unduly suggestive, the identification still was reliable.*

claims, even if they were not exhausted, and deny them. He found these contentions involved issues of credibility and the weight to be given to a witness' testimony, and, while recognizing that "Mr. Boyland's testimony seemed inconsistent at times," *id.* at p. 11 n.3, nonetheless concluded the petitioner had not established a violation of his constitutional rights.

The petitioner contends in Ground Three that he is entitled to habeas relief because of prosecutorial misconduct, consisting of allegedly improper arguments and comments made by the prosecuting attorney.[3]  As he concluded the comments did not render the trial fundamentally unfair and did not violate the petitioner's due process rights,[4] the magistrate judge found the Oklahoma Court of Criminal Appeals' decision that the statements were not plain error[5] was not contrary to nor an unreasonable application of clearly established federal law.

---

[3]*Specifically, the petitioner complained that the prosecutor argued or stated, either during the presentation of evidence and/or in his closing argument:  facts not in evidence; that the police and victim did not have an interest in anyone but the perpetrator being prosecuted; and that the judge believed the petitioner to be guilty.  The petitioner also asserted that the prosecutor indicated that other evidence of petitioner's guilt existed that could not be presented to the jury.*

[4]*In making this determination the magistrate judge considered the statements in the context of the entire trial and in conjunction with the various instructions given the jury.*

[5]*This was the Oklahoma Court of Criminal Appeals'  finding with respect to allegations of prosecutorial misconduct where no objection was made.  As to those allegations of misconduct as to which objections were made, the Oklahoma Court of Criminal Appeals noted that the objections were sustained and any error was cured.  Summary Opinion, p. 3.  This was not entirely correct, however, as the trial judge did not sustain defense counsel's objection to the prosecutor's questioning of Officer Kevin Brinker.  Considering the officer's testimony in the context of the entire trial, together with the court's instructions to the jury about what constitutes evidence, that only evidence presented during trial could support a conviction, etc., the magistrate judge concluded that any error in the prosecutor's questions to Officer Brinker did not merit habeas relief.*

The magistrate judge rejected the petitioner's final ground for relief, finding that the prosecutor's statements, even when considered cumulatively, did not deprive the petitioner of his due process rights.  Thus, he concluded, the Oklahoma Court of Criminal Appeals' decision that the petitioner was not entitled to reversal under a cumulative error analysis was not contrary to nor an unreasonable application of clearly established federal law.

In his objection to the Report and Recommendation the petitioner essentially reurges the argument presented to the magistrate judge. Considering de novo his grounds for relief, the court concurs with Magistrate Judge Argo's thorough and well-reasoned analysis of the evidence and applicable law and adopts his Report and Recommendation.  Accordingly, the petition for writ of habeas corpus is **DENIED.**

**IT IS SO ORDERED**.

Dated this 17th day of October, 2005.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE